■ Janel Ball et al., Infants, by Their Mother and Natural Guardian, Barbara Ball, et al., Respondents, v Melvin C. Levine et al., Respondents, and James Battista et al., Appellants, et al., Defendants. (And a Third-Party Action.) [701 NYS2d 901] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about January 11, 1999, which, in an action to recover for lead paint poisoning, denied defendants-appellants landlords' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Summary judgment in defendants' favor is precluded by an issue of fact as to whether the infant plaintiffs sustained additional injuries as a result of ingesting lead paint chips in their rented residence, not a multiple dwelling, between July 1995, when defendants were notified by the Department of Health of a dangerous lead paint condition in the premises, and November 1995, when plaintiffs moved out of the premises. Such issue is raised by evidence indicating that defendants' post-notice efforts to correct the condition were unsuccessful, and plaintiffs' expert's affidavit opining that the infants' lead levels indicated additional injuries sustained after July 1995. Concur—Nardelli, J. P., Rubin, Andrias, Buckley and Friedman, JJ.